*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
October 6, 2022

Plaintiff-Appellee,

v

No. 354073
Grand Traverse Circuit Court

ROBERT JENSEN SCHWANDER,

LC No. 11-011239-FC

Defendant-Appellant.

Before: MURRAY, P.J., and O'BRIEN and REDFORD, JJ.

O'BRIEN, J. (*concurring in part and dissenting in part*).

I concur with most of the majority opinion except its conclusion that the trial court adequately explained the extent of defendant's departure sentence. To that portion of the majority opinion, I respectfully dissent.

As the majority recounts, this is not the first time the trial court sentenced defendant, nor the second; this case is the trial court's fourth attempt to sentence defendant. The trial court's three previous sentences all departed from the sentencing guidelines. Defendant contested each sentence in this Court, and this Court vacated each sentence for the same reason—because, while the trial court provided proper reasons for departing from the sentencing guidelines, it failed to adequately explain the extent of the departure imposed. Here, in the trial court's fourth attempt to sentence defendant, it sentenced defendant to a minimum of 33 years' imprisonment, which was a 10½-year departure from defendant's guidelines range of 13.5 to 22.5 years. Defendant argues on appeal that the trial court once again failed to adequately explain the extent of this departure.

When sentencing a defendant, a trial court must sufficiently justify the sentence imposed in order to facilitate appellate review. *People v Smith*, 482 Mich 292, 311; 754 NW2d 284 (2008). This includes not only an explanation of the reasons for imposing the departure sentence, but an "explanation for the *extent* of the departure independent of the reasons given to impose a departure sentence." *Id*. at 305-306.

The only explanation the trial court gave for the extent of the departure was as follows:

As a first-degree murder [for a juvenile defendant] could not have a sentence longer than 60 years, a 50-year maximum, to my mind, is appropriate and proportionate for a second-degree murder as here. So the sentence of this Court is 50 percent in excess of the 22-year maximum currently imposed—or currently allowed under the guidelines. That is, therefore, 33 years to—pardon me, to 50 years. That is the sentence of the Court with regard to this matter, and I hope that this brings closure to this case.

In my opinion, this explanation for the extent of the departure is not sufficient to facilitate appellate review. *Id*. at 305-306, 311. The trial court's only mention of the extent of its departure was noting that it was "50 percent in excess of the 22-year maximum currently imposed—or currently allowed under the guidelines." This is more an observation than an explanation; the trial court never explained why a sentence "50 percent in excess of the 22-year maximum . . . allowed under the guidelines" was appropriate. This lack of explanation is troubling not only because of the severity of the punishment,[1] but because all three of defendant's previous sentences were vacated on the basis of the trial court's failure to explain the extent of its departure.

In reaching the opposite conclusion, the majority reasons that the trial court adequately justified the extent of the departure imposed by focusing on defendant's maximum sentence. I fail to see how the trial court's discussion of defendant's maximum sentence justifies the extent of the departure. Departure sentences are measured from the minimum sentence. The majority recognizes as much, stating that defendant's minimum sentence "of 33 years' imprisonment" was "an upward departure of 10½ years." That the trial court reduced defendant's maximum sentence below the maximum he could have received had he been convicted of first-degree murder as a juvenile does not explain the court's "upward departure of 10½ years."

Again, the only "explanation" the trial court gave for its 10½-year departure is that it was "50 percent in excess of the 22-year maximum currently imposed—or currently allowed under the guidelines." This was the trial court's fourth opportunity to explain the extent of the departure it was imposing, and this single sentence was insufficient to accomplish that task. To the extent that the majority holds otherwise, I respectfully dissent.

/s/ Colleen A. O'Brien

---

[1] To illustrate just how severe a punishment defendant's 33-year sentence is, I reiterate the panel's discussion from defendant's last appeal: defendant was a juvenile when he committed the second-degree murder at issue, and a juvenile defendant convicted of *first*-degree murder can be sentenced to as little as 25 years, and, in most instances, can be sentenced to no more than 40 years. *People v Schwander*, unpublished per curiam opinion of the Court of Appeals, issued May 22, 2018 (Docket No. 320768), p 10 (discussing MCL 769.25). See also *People v Stovall*, ___ Mich ___, ___; ___ NW2d ___ (2022) (Docket No. 162425); slip op at 10 (stating that "most juveniles who commit first-degree murder" are sentenced to "25 to 40 years"). Thus, despite defendant's having been convicted of second-degree murder, defendant's minimum sentence is in the top half of the permissible range for most juveniles convicted of first-degree murder, and is actually more severe than some similarly-situated defendants convicted of first-degree murder.